UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW J. ROEBUCK,

        Plaintiff,                         Case No. 1:11-cv-1048

v.                                           HON. JANET T. NEFF

AMERICAN AXLE AND
MANUFACTURING, INC.,

        Defendant.
_____/

## OPINION

Plaintiff Matthew J. Roebuck filed this disability discrimination case against his former employer, Defendant American Axle and Manufacturing, Inc. (AAM), also known as AAM North America, after his employment was terminated one day before the expiration of his probationary employee status and union membership.  Plaintiff's two-count Complaint alleges claims under the ADA,[1] and the PWDCRA,[2] based on allegations that Defendant wrongfully discharged Plaintiff because Defendant regarded him as disabled after learning Plaintiff was on strong prescription medications, not because he was at fault in a minor workplace accident three weeks earlier, as Defendant claims.

Defendant has filed a Motion for Summary Judgment (Dkt 41).  Plaintiff has filed a Response, and Defendant has filed a Reply.  Having fully considered the parties' briefs and

---

[1]American with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

[2]Persons with Disabilities Civil Rights Act, MICH. COMP. LAWS § 37.1101 *et seq.*

accompanying exhibits, the Court concludes that oral argument is unnecessary to resolve the pending motions. *See* W.D. Mich. LCivR 7.2(d). Given the applicable legal standards and the record, the Court concludes that Defendant's motion for summary judgment is properly granted.

## I. Facts[3]

Plaintiff was employed by Defendant from July 13, 2009 until September 25, 2009, at Defendant's Three Rivers plant, a heavy industrial manufacturing facility (SMF ¶¶ 1-3). As a newly-hired hourly employee, Plaintiff was subject to a 60-day probationary period before becoming a member of the union (*id.* ¶ 2; Compl. ¶¶ 7, 21-22).

On September 1, 2009, Plaintiff had an on-the-job accident in which his toe was caught by the stopper/brake of a stuck bolt cart he was moving off the forks of a fork lift, which bent his toe nail and drew blood (SMF ¶¶ 16-19; Compl. ¶ 9; Pl. Ex. D; Pl. Resp. at 2; Pl. Ex. A, Pl. Dep., at 64). He was taken to the Three Rivers emergency room by a company security guard, where he was evaluated and treated, and part of his toenail was removed (SMF ¶ 23). Plaintiff was given a drug test at the hospital due to his injury (*id.* ¶ 28). Following Plaintiff's treatment, the security guard returned to the hospital and transported Plaintiff back to the AAM plant, and Plaintiff returned to work that day with no restrictions (*id.* ¶¶ 29-30).

Plaintiff continued to work for Defendant for about three weeks after his on-the-job accident (*id.* ¶ 31). On September 25, 2009, one day before his probationary period was completed, he was placed on indefinite layoff (*id.* ¶¶ 32-34).

---

[3]Where noted, the facts are drawn from Defendant's Statement of Material Facts (SMF) (Dkt 41, pp. 2-11), and relied on herein to the extent necessary to resolve this motion. Plaintiff failed to provide a responsive SMF as required by this Court, and accordingly, Defendant's SMF is deemed admitted for purposes of this motion, pursuant to this Court's Information and Guidelines for Civil Practice, IV(A)(2)(c).

On September 29, 2011, Plaintiff filed this action claiming Defendant discriminated against him and wrongfully terminated him based on his medical conditions and medication treatment. Plaintiff alleges that Defendant learned from the emergency room visit/reports that Plaintiff was taking prescription medications for a seizure disorder and chronic pain from a prior back injury (Compl. ¶¶ 11, 15). Defendant moves for summary judgment, contending that Plaintiff was properly terminated for a workplace safety violation while he was a probationary employee.

## II.  Legal Standard

A moving party is entitled to a grant of its motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).  The court must consider the evidence and all reasonable inferences in favor of the nonmoving party.  *Slusher v. Carson,* 540 F.3d 449, 453 (6th Cir. 2008); *Hamilton v. Starcom Mediavest Group, Inc.,* 522 F.3d 623, 627 (6th Cir. 2008).

The initial burden is on the moving party to show that there is no dispute regarding any genuine issue of material fact.  *Slusher,* 540 F.3d at 453.  "Once the moving party supports its motion for summary judgment, the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated."  *Id.*  "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.,* 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson,* 477 U.S. at 251-52).

## III.  Analysis

As an initial matter, as Defendant contends at the outset of its reply brief, to the extent

3

Plaintiff previously relied on claims of an actual disability or a failure to accommodate a disability, those claims have been abandoned.[4]  Plaintiff expressly limits his legal issues, and his argument, to his claim that Defendant discriminated against him on the basis of a "perceived impairment," i.e., Defendant "regarded" him as a person with a disability (Pl. Resp. at 4, 6, 12).

The ADA prohibits discrimination by a covered entity "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  The Act defines "disability" as "being regarded as having such an impairment":

> The term "disability" means, with respect to an individual--
>
> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment (as described in paragraph (3)).

42 U.S.C. § 12102(1).

Paragraph (3) of § 12102 provides:

> (A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

---

[4]Even if Plaintiff intended to maintain these claims, the Court would determine that Defendant is entitled to summary judgment of these claims as well.  Plaintiff sets forth no specific facts that indicate the existence of an issue to be litigated to survive judgment as a matter of law.  *See Slusher,* 540 F.3d at 453.  Plaintiff has failed to show that he actually was disabled; he never identified himself as disabled to AAM; and he stated that he never requested an accommodation, all of which is fatal to his claims.

      (B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

Defendant argues that Plaintiff has failed to establish a "regarded as" claim on the basis of either direct or circumstantial evidence. The Court agrees.

The Sixth Circuit has explained the differing tests to establish a prima facie case of disability discrimination based on whether a plaintiff introduces direct or indirect (circumstantial) evidence. *Roetter v. Michigan Dept. of Corrs.,* 456 F. App'x 566, 569 (6th Cir. 2012). "'[I]f the plaintiff has direct evidence that the employer relied on his or her disability in making an adverse employment decision, or if the employer admits reliance on the handicap:

1) The plaintiff bears the burden of establishing that he or she is 'disabled.'

2) The plaintiff bears the burden of establishing that he or she is 'otherwise qualified' for the position despite his or her disability: (a) without accommodation from the employer; (b) with an alleged 'essential' job requirement eliminated; or (c) with a proposed reasonable accommodation.

3) The employer will bear the burden of proving that a challenged job criterion is essential, and therefore a business necessity, or that a proposed accommodation will impose an undue hardship upon the employer.'"

*Id.* (quoting *Monette v. Elec. Data Sys. Corp.,* 90 F.3d 1173, 1186 (6th Cir. 1996), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp., Inc.,* 681 F.3d 312 (6th Cir. 2012) (en banc) (adopting a but-for causation standard for ADA cases and overruling the Sixth Circuit's previous sole-causation standard).

However, if the plaintiff seeks to establish discrimination on the basis of circumstantial evidence, the *McDonnell Douglas* burden-shifting framework applies. *Gecewicz v. Henry Ford Macomb Hosp. Corp.,* 683 F.3d 316, 321 (6th Cir. 2012) (citing *McDonnell Douglas Corp. v. Green,*

5

411 U.S. 792, 804 (1973) and *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259 (1981)). A plaintiff must first establish a prima-facie case by showing (1) he was disabled; (2) he was otherwise qualified to perform the essential functions of his job; (3) he suffered an adverse employment action; (4) his employer knew or had reason to know of his disability; and (5) either the position remained open or a non-disabled person replaced him. *Gecewicz*, 683 F.3d at 321. The defendant must then offer a legitimate explanation for its action. *Monette,* 90 F.3d 1186. If the defendant satisfies this burden of production, the plaintiff must introduce evidence showing that the proffered explanation is pretextual. *Id.* Under this burden-shifting framework, the plaintiff retains the ultimate burden of persuasion at all times. *Id.* at 1186-87.

### A. *Plaintiff's Direct Evidence Claim*

Plaintiff asserts that a conversation he had with Defendant's former Labor Relations Manager, William Aliua, on September 19, 2009, provides direct evidence of discrimination. According to Plaintiff's deposition, during that conversation Aluia showed Plaintiff a copy of Plaintiff's urinalysis report from his September 1, 2009 emergency room visit, showing what medications were in his system (Pl. Ex. A, Pl. Dep., at 76). Plaintiff explained to Aluia that he was taking the medications for his back pain (*id.*). Aluia stated that "he would have to see because of the medications that were in [Plaintiff's] system, there was a chance [Plaintiff] could become disabled" if he was taking medications and working, and Aluia had to "go higher up the chain, because it was not a call he could make" (*id.* at 76-77). Plaintiff also cites a handwritten narrative he wrote three months later, in December 2009, in which Plaintiff noted that Aluia stated he had a concern about liability for insurance purposes (*id.* at 97).

The evidence cited does not amount to direct evidence of discrimination. "'[D]irect evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.'" *Amini v. Oberlin Coll.,* 440 F.3d 350, 359 (6th Cir. 2006) (quoting *Kocak v. Cmty. Health Partners of Ohio, Inc.,* 400 F.3d 466, 470 (6th Cir. 2005)). "It does not require the fact finder to draw any inferences to reach that conclusion." *Id.* "Evidence of discrimination is not considered direct evidence unless a [discriminatory] motivation is explicitly expressed." *Id.* "'[T]he evidence must establish not only that the plaintiff's employer was predisposed to discriminate on the basis of [a disability], but also that the employer acted on that predisposition.'" *DiCarlo v. Potter,* 358 F.3d 408, 415 (6th Cir. 2004) (quoting *Hein v. All America Plywood Co.,* 232 F.3d 482, 488 (6th Cir. 2000)). Aluia's comments contain no explicit discriminatory motivation, and they show no predisposition to discriminate on the basis of a disability, perceived or otherwise. Plaintiff's direct evidence claim fails.

## B.  *Plaintiff's Circumstantial Evidence Claim*

Defendant argues that Plaintiff has failed to establish the elements of a prima facie case of discrimination based on circumstantial evidence. The Court agrees. In particular, Plaintiff has failed to show that (1) he was disabled, under the "regarded as" standard; (2) Defendant knew or had reason to know of his disability; or (3) either the position remained open or a non-disabled person replaced him. *See Gecewicz*, 683 F.3d at 321.

As noted above, impairments that are transitory and minor cannot serve as the basis of a regarded-as-disabled claim of discrimination. 42 U.S.C. § 12102(3)(B). "A transitory impairment is an impairment with an actual or expected duration of 6 months or less." *Id.*

Plaintiff contends that several management level employees of Defendant, including Aluia, knew that "Plaintiff had back problems and took pain medication" (Pl. Resp. at 5). First, Defendant's mere knowledge of Plaintiff's condition and medications does not show that Defendant regarded him as disabled.

Second, Plaintiff has failed to show that his back pain was more than "transitory and minor." *See* 42 U.S.C. § 12102(3)(B). The evidence shows that Plaintiff denied any history of back pain and he did not indicate any such problem at the time of his pre-employment physicals (Def. Br., Ex. 17). It is undisputed that after his on-the-job injury, Plaintiff was returned to work without any restrictions (Compl. Ex. 1, ¶ 12; Def. Ex. 5, Kontyko Dep., at 35). Plaintiff stated in his deposition that he suffered no chronic pain after physical therapy for his 2002 back injury, and had no back pain at the time he completed the pre-employment medical forms in April and June of 2009 (Def. Ex. 2, Pl. Dep., at 39-40, 52, 85-86; Def. Ex. 17). There is no evidence showing that Plaintiff's back impairment, if any, was anything more than transitory and minor, and thus it cannot serve as a basis for a regarded-as-disabled claim of discrimination. *See* 42 U.S.C. § 12102(3)(B).

With regard to the fourth element required to establish a prima facie case of discrimination—Defendant knew or had reason to know of Plaintiff's disability—evidence is also lacking. Defendant denied having any back problem, was returned to work without any restrictions after his workplace injury, and he never requested an accommodation. To the extent Plaintiff relies on his testimony that Aluia was aware he was taking medication, such knowledge does not establish that Aluia regarded Plaintiff as disabled, particularly since Plaintiff admits that other AAM employees took medications similar to those taken by Plaintiff and their employment was not terminated by Defendant (*see* Def. Ex. 14, EEOC Intake Questionnaire, Att. at 2). Likewise, the

hearsay evidence that Aluia mentioned a concern about Plaintiff's back, is not admissible evidence to establish this element of a prima facie case. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to withstand a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252.

With regard to the fifth element required to establish a prima facie case of discrimination—either the position remained open or a non-disabled person replaced him—evidence is also lacking. As Defendant points out, Plaintiff has come forward with no evidence that any non-disabled probationary or other employee who had a similar, on-the-job accident and injury, was not similarly discharged from AAM (*see,* e.g., Def. Ex. 14, Att. at 2).

Finally, the ADA bars discrimination "because of" an employee's disability, meaning that it prohibits discrimination that is a "'but-for' cause of the employer's adverse decision." *Lewis,* 681 F.3d at 321 (quoting *Gross v. FBL Fin. Servs.,* 557 U.S. 167, 176 (2009)). Plaintiff has failed to set forth any evidence showing that his employment would not have been terminated "but for" his alleged disability.

Having found that Plaintiff failed to establish a prima facie case of discrimination, the Court need not consider the arguments concerning pretext. Further, because the basis of Plaintiff's claim under the PWDCRA is the same as his discrimination claim under the ADA, his claim fails under Michigan law for the same reasons stated above. Plaintiff has failed to set forth any argument or analysis warranting a different result with respect to his PWCRA claim.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (Dkt 41) is

GRANTED.  An Order will be entered consistent with this Opinion.  Further, because this Order resolves the last pending claim in this case, a Judgment will also be entered.


DATED: December 11, 2012           /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge